**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000639
10-JUN-2026
08:10 AM
Dkt. 76 SO**

NO. CAAP-24-0000639

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOSUE MACARIO REYES PESQUERA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH & SOUTH KONA DIVISION
(CASE NO. 3DTA-23-01953)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Josue Macario Reyes Pesquera (**Reyes Pesquera**) appeals from the September 5, 2024 Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Strike Proof of Compliance Hearings (**Compliance Hearings Order**) entered by the North and South Kona Division of the District Court of the Third Circuit (**District Court**).[1]

Reyes Pesquera raises a single point of error on appeal, contending that the District Court erred in setting "endless" unauthorized proof-of-compliance hearings and entering the Compliance Hearings Order.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Ann S. Datta presided.

the arguments advanced and the issues raised, we resolve Reyes Pesquera's point of error as follows:

Reyes Pesquera pleaded no contest to, *inter alia*, Operating a Vehicle under the Influence of an Intoxicant in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2020) (**OVUII**). He was sentenced to, *inter alia*, complete substance abuse assessment and successfully complete any recommended treatment. A $250 Drug Demand Reduction Fee was taken under advisement for one year subject to being waived upon Reyes Pesquera successfully completing the required substance abuse assessments and treatments.[2] After the District Court imposed the sentence, the District Court set the first of several compliance hearings. On the same day, February 2, 2024, the District Court entered a Judgment and Notice of Entry of Judgment (**Judgment**). The record reflects that compliance hearings were held on March 7, May 2, July 5, and August 1, 2024. After Reyes Pesquera moved to strike the proof-of-compliance hearings, on September 5, 2024, the District Court entered the Compliance Hearings Order.[3]

Reyes Pesquera argues that the District Court erred when it entered the Compliance Hearings Order because, *inter alia*, it created a form of court supervision that is not found in the HRS and the District Court is not authorized to use proof-of-compliance hearings in OVUII cases as a form of probation to

---

[2]    The Honorable Kimberly B.M. Tsuchiya presided.

[3]    The record on appeal does not reflect any further disposition of the portion of the Judgment that was taken under advisement.

monitor Reyes Pesquera's substance abuse assessment, treatment, and rehabilitation.

This argument has merit. For the reasons set forth in this court's recent Opinion in State v. Rivero-Garcia, No. CAAP-24-0000637, 2026 WL 1582067 (Haw. App. June 3, 2026), we conclude that the District Court exceeded its authority under HRS § 291E-61 by requiring Reyes Pesquera to appear for proof-of-compliance hearings. Therefore, we conclude that the District Court erred in entering the Compliance Hearings Order.

Accordingly, the District Court's September 5, 2024 Compliance Hearings Order is reversed.

DATED: Honolulu, Hawaiʻi, June 10, 2026.

On the briefs:

Sara K. Haley,
Deputy Public Defender,
for Defendant-Appellant.

Charles E. Murray, III,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge